# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BEN WALKER and SANDY WALKER,

    Plaintiffs,

        v.

ESSA BANK & TRUST,

    Defendant.

CIVIL ACTION NO. 3:04-CV-2420

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is Defendant ESSA Bank & Trust's motion to dismiss in which Defendant seeks dismissal pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure. Defendant argues for dismissal of the Complaint on two grounds[1]: (1) Plaintiffs have failed to state a claim upon which relief can be granted because the arbitration award issued on September 6, 2003, is final and binding; and (2) Plaintiffs have failed to join an indispensable party, namely Rosewood Homes, as required by Rule 19 of the Federal Rules of Civil Procedure.

**1)    Rule 12(b)(6):  Failure to State A Claim**

Defendant argues that dismissal is appropriate pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiffs have failed to state a claim upon

---

[1] The Court notes that Defendant's motion also cites to Rule 12(b)(1) of the Federal Rules of Civil Procedure as a basis of dismissal. Defendant's brief, however, fails to provide support for the contention that the Court lacks subject matter jurisdiction. Moreover, because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, subject matter jurisdiction is clearly present in the instant matter.

which relief can be granted.  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions," *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of

2

establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

In the Complaint, Plaintiffs allege that on December 17, 2001, they entered into a construction loan agreement with Defendant. (Doc. 1 ¶ 8.) Plaintiffs further allege that pursuant to the construction loan agreement, Defendant would not disburse sums of money without Plaintiffs' written consent. (Doc. 1 ¶ 10.) Following a dispute with their contractor, Rosewood Homes, a panel of arbitrators entered an award which favored Rosewood Homes. (Doc. 1 ¶ 14.) Plaintiffs allege that within two weeks following the entry of the arbitration award, Defendant disbursed $48,000.00 to Rosewood Homes without providing notice to Plaintiffs or receiving authorization from Plaintiffs as required by the construction loan agreement. (Doc. 1 ¶ 16.) Plaintiffs allege that Defendant's act of disbursing funds to Rosewood Homes constitutes a breach of the agreement reached by Plaintiffs and Defendant. (Doc. 1 ¶ 25.)

Defendant argues that because the arbitrator's award was final and binding, there has not been a breach of contract. At this juncture the Court need not determine whether the arbitration award is final and binding. Irrespective of the effect of the arbitration award, Plaintiffs have still alleged a breach of contract. Specifically, Plaintiffs allege that pursuant to the agreement, funds were not to be disbursed by Defendant on behalf of Plaintiff without written authorization. Plaintiffs allege that Defendant did in fact disburse funds on their behalf without written authorization, thereby breaching the agreement previously reached by the parties. There is nothing in the Complaint or in the motion to dismiss which indicates that a valid arbitration award would excuse Defendant's alleged breach. Therefore, Defendants motion will be denied insofar as it seeks dismissal of the

Complaint pursuant to Rule 12(b)(6).

**2)    Rule 12(b)(7): Failure to Join Indispensable Party**

Defendant next contends that dismissal is warranted pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join an indispensable party as required by Rule 19 of the Federal Rules of Civil Procedure. Rule 19(a) provides for the compulsory joinder of individuals in particular situations provided such individuals are subject to service of process and the joinder of said individuals will not deprive the Court of jurisdiction over the subject matter of the action. Specifically, Rule 19(a) requires joinder of such individuals when:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Defendant argues that Rosewood Homes is an indispensable party to the instant proceedings because the arbitration award is directly at issue. As a result, Defendant argues, Rosewood Homes would suffer prejudice if not a party to this action because it has an interest in having the arbitration award upheld. Again, as noted above, the validity of the arbitration award is not directly at issue. The issue before the Court is whether Defendant breached its contract with Plaintiffs when it disbursed the $48,000.00 to Rosewood Homes. Defendant's alleged breach would not necessarily be excused by a finding that the award was in fact valid and binding. Therefore, while Rosewood Homes may have an interest in having the arbitration award upheld, its interests will not be

4

harmed if it is not joined as a party in this action.  Moreover, complete relief can in fact be accorded to Plaintiffs in this matter because Defendant is alleged to have breached an agreement between itself and Plaintiff.  There is no indication that there were other parties to that agreement.  Therefore, Defendant's motion will be denied insofar as it seeks dismissal pursuant to Rule 12(b)(7).

## CONCLUSION

The Court finds that Plaintiffs have sufficiently stated a claim upon which relief can be granted.  Moreover, the Court finds that Rosewood Homes is not an indispensable party under Rule 19 of the Federal Rules of Civil Procedure.  Accordingly, Defendant's motion to dismiss will be denied.

An appropriate Order follows.

<u>April 19, 2005</u>                              /s/ A. Richard Caputo  
Date                                             A. Richard Caputo  
                                                 United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BEN WALKER and SANDY WALKER, | |
| Plaintiffs, | CIVIL ACTION NO. 3:04-CV-2420 |
| v. | (JUDGE CAPUTO) |
| ESSA BANK & TRUST, | |
| Defendant. | |

## **ORDER**

**NOW**, this 19th day of April, 2005, **IT IS HEREBY ORDERED** that Motion of Defendant ESSA Bank & Trust to Dismiss Under FRCP 12(b)(1), (6) and (7) is **DENIED**.

 /s/ A. Richard Caputo
 A. Richard Caputo
 United States District Judge